IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JODIE LYNN DAVIS )
) No. 19-575
v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for supplemental social security income disaibility benefits, alleging disability due to physical and mental impairments. Her application was denied initially, and upon hearing by an Administrative Law Judge ("ALJ") by decision dated September 19, 2014. Upon appeal, this Court remanded the matter.[1] Following a hearing, the ALJ denied Plaintiff's claim by decision dated November 2, 2018. The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

---

[1] Judge Bloch initially remanded the matter by Opinion and Order dated March 30, 2017.

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

First, Plaintiff argues that the ALJ erred at step 5 of the sequential analysis, because the ALJ addressed vocational expert ("VE") testimony, when none was presented at the hearing.

Second, Plaintiff contends that the ALJ did not submit Plaintiff's borderline intellectual functioning and learning disability to a VE.

Judge Bloch's remand specifically related to the step three determination that Plaintiff did not meet the requirements of Listing 12.05.  In particular, Judge Bloch found that the ALJ failed to sufficiently explain her step three findings in that regard, and remanded for "reconsideration consistent with" his Order.  Judge Bloch did not find error with respect to the ALJ's step five determination. Presently, Plaintiff points to SSR 00-4P, which addresses the use of VE testimony, but does not point to any authority that would preclude the ALJ from considering prior VE testimony under circumstances such as those present here. She asserts that the record does not reflect any VE testimony regarding the positions of kitchen helper, medium packer, and sorter.  At her initial hearing, however, the VE did in fact testify regarding these occupations. Plaintiff also claims that her borderline intellectual functioning and learning disability were not submitted to a VE.  In arriving at the hypothetical that the ALJ posed to the VE, however, the ALJ considered Plaintiff's intellectual limitations. Plaintiff was represented by counsel at her initial hearing, and the hearing transcript reflects that Plaintiff's counsel questioned the VE at that time.  In other words, the record does not suggest that Plaintiff was deprived of any rights regarding the witness.  Further, on remand, the ALJ arrived at an RFC identical to that posed to the VE in the initial hearing.  Under such circumstances, the ALJ was not required to solicit additional vocational evidence. Cf., e.g., Centeno v. Comm'r of Soc. Sec., No. 13-2951, 2015 U.S. Dist. LEXIS 129035, at *14 (D.N.J. Sep. 25, 2015) (citing McKnight v. Astrue, 340 F. App'x 176, 181 (5th Cir. 2009)).  I find no error.

## CONCLUSION

For the foregoing reasons, I cannot conclude that the ALJ's decision was not supported by substantial evidence. Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: May 14, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JODIE LYNN DAVIS            )
                            ) No. 19-575
    v.                      )

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 14th day of May, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court